

IN THE
TENTH COURT OF APPEALS

No. 10-16-00365-CV

CLYDE F. HILL,

Appellant

 v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, SUCCESSOR BY MERGER
TO CHASE HOME FINANCE, LLC,

Appellee

From the County Court at Law No. 1
McLennan County, Texas
Trial Court No. 20160637CV1

## MEMORANDUM OPINION

Clyde F. Hill appeals the trial court's summary judgment granting possession of his home to JPMorgan Chase Bank National Association, successor by merger to Chase Home Finance, LLC. Because the trial court did not err, its judgment is affirmed.

Hill defaulted on his home mortgage which resulted in a foreclosure sale of the property. JPMorgan bought the property. When Hill would not vacate the property, JPMorgan filed a forcible entry and detainer action in the justice court. The justice court

dismissed JPMorgan's suit, and JPMorgan appealed to the county court at law. In response to a motion for summary judgment by JPMorgan, the county court at law awarded possession of the property to JPMorgan.

On appeal to this Court, Hill first complains that the trial court erred in hearing the case and rendering judgment because Felice Hill, Clyde F. Hill's wife, although named in JPMorgan's petition for a forcible entry and detainer as a defendant, was not personally served with citation to the action. The summary judgment evidence shows otherwise. A citation naming Felice Hill with a return of service indicating that it was left with Clyde F. Hill, as authorized by Rule 510.4(b)(2) of the Texas Rules of Civil Procedure, is in evidence and was not objected to by Hill. Accordingly, the evidence shows Felice Hill was served, and Hill's first issue is overruled.

Hill next complains that the trial court erred in granting summary judgment because JPMorgan failed to produce evidence that JPMorgan was entitled to rely on the "tenancy at sufferance" language in the Deed of Trust; and thus, JPMorgan was not "in privity of contract" with Hill. In essence, Hill contends JPMorgan was required to provide proof that JPMorgan was a beneficiary of the Deed of Trust in order to rely on the tenancy at sufferance language in the Deed of Trust and to prevail in a forcible entry and detainer action. However, forcible entry and detainer case law has established that a purchaser at a foreclosure sale is not required to provide proof that it was a beneficiary of the original Deed of Trust or the owner of the lien when it was foreclosed in order to rely on the borrower's (the former property owner) status as a tenant at sufferance under a deed of trust's foreclosure procedure section. *See, e.g. Lenz v. Bank of Am., N.A.*, 510

S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied). We agree with those cases. Accordingly, because JPMorgan was not required to provide the proof of a full chain of title in a forcible entry and detainer action as argued by Hill, the trial court did not err in granting summary judgment for that reason. Hill's second issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 2, 2017
[CV06]

